UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| EKA CHEMICALS, INC., | ] |
| Plaintiff(s), | ] |
| vs. | ] CV01-CO-01880-W |
| ROYAL TRUCKING COMPANY, | ] |
| Defendant(s). | ] |

MEMORANDUM OF OPINION



I. Introduction.

Presently before the court is a motion to strike defendant's defense of limitation of liability, filed by the plaintiff on March 26, 2004. [Doc. # 63.] Upon due consideration, the motion will be denied for the reasons that follow.

II. Facts.

On July 27, 2001, the plaintiff, EKA Chemicals, Inc. ("EKA"), filed this lawsuit against Royal Trucking Company ("Royal") for damages incurred when one of Royal's trucks, transporting catalyst beds for EKA, collided with

a railroad bridge in Gordo, Alabama, and caused damage to the beds. [Compl. ¶ 8.]

On February 19, 2004, upon motion for partial summary judgment filed by Royal on May 8, 2003, the court entered an opinion and order limiting Royal's liability to $300,000, as agreed upon in the parties' contract service agreement. [ Doc. # 59.] This cause is presently before the court on EKA's motion to strike Royal's defense of limitation of liability, or in the alternative, a motion to reconsider that portion of the court's opinion finding that the contract service agreement is valid and enforceable and limits Royal's liability. [Doc. # 63.]

III. Discussion.

EKA contends the court erred in finding the contract service agreement enforceable because Royal did not effectively limit its liability under the Carmack Amendment. Specifically, EKA points to *Bio-Lab, Inc. v. Pony Express Courier Corp.*, 911 F.2d 1580, 1582 (11th Cir. 1990) which holds:

> There are four steps a carrier must take to limit its liability under the Carmack Amendment: (1) maintain a tariff within the prescribed guidelines of the Interstate Commerce Commission;

(2) obtain the shipper's agreement as to his choice of liability; (3) give the shipper a reasonable opportunity to choose between two or more levels of liability; and (4) issue a receipt or bill of lading prior to moving the shipment.[1]

The crux of EKA's position is that it was never given a reasonable opportunity to choose between two or more levels of liability. Thus, EKA claims that the liability limitation found in the agreement is void.

EKA submits that it did not raise this argument before the court in its June 9, 2003, response to Royal's motion for partial summary judgment because, in essence, EKA rested on the argument that there were issues of material fact which would preclude summary judgment. [Pl.'s Mot. Recons. at 11.]

Even if the court did entertain EKA's belated argument, it still would not prevail. In support of its motion, EKA directs the court's attention to *Bio-Lab, Inc. v. Pony Express Courier Corp.*, 911 F.2d 1580 (11th Cir. 1990) and *Sassy Dolls Creations, Inc. v. Watkins Motor Lines, Inc.*, 331 F.3d 834

---

[1] A recent Eleventh Circuit decision acknowledged that the first requirement in *Bio-Lab* is now legally impossible as the Trucking Industry Regulatory Reform Act of 1994 has eliminated the requirement that carriers of non-household goods must file tariffs with the ICC. See *Siren, Inc. v. Estes Express Lines*, 249 F.3d 1268, 1271 (11th Cir. 2001).

(11th Cir. 2003).[2] Although both cases address the "reasonable opportunity" requirement to limiting liability under the Carmack Amendment, the facts of these cases differ from the case at hand. In both cases, the limited liability provision had been included in the bill of lading, not in a separate contract between the shipper and carrier. Specifically, *Bio-Lab* presented the question of whether the shipper was even aware of the limited liability provision on the back of the carrier-drafted bill of lading and *Sassy Dolls* addressed whether the carrier-drafted bill of lading adequately provided the shipper a place to request more liability coverage.

"A fair opportunity means that the shipper had both reasonable notice of the liability limitation and the opportunity to obtain information necessary to making a deliberate and well-informed choice." *Bio-Lab, Inc.*, 911 F.2d at 1583 (quoting *Hughes v. United Van Lines, Inc.*, 829 F.2d 1407, 1419 (7th Cir. 1987)).

Under *Bio-Lab's* definition, EKA's assertion that it was not given a reasonable opportunity to choose a level of liability is without merit. EKA

---

[2]EKA also cites *Celadon Trucking Services v. Titan Textile Co., Inc.*, 2004 WL 253494 (Tex.App.-Hous.(14 Dist.)) A Texas state court decision is not binding on this court and as such, will not be considered.

and Royal entered into the contract service agreement in February 1995. The parties agreed that this contract would be automatically renewed each year and either party could cancel the contract with a thirty-day notice. EKA offered no evidence that this contract was canceled. The accident made the basis of this suit occurred in October 1999 — some four years after EKA and Royal entered into this contract. EKA obviously had knowledge of the contract when it was executed and thus had notice of the liability limitation in it. Repeatedly, over a four year period, EKA had the opportunity to make a deliberate and well-informed choice as to whether it wanted to continue being bound by the liability limitation in the contract.

Section 14706(c)(1)(A) of 42 U.S.C. "requires nothing more than a valid written contract between the parties establishing a reasonable value for the purpose of limiting the liability of the carrier." *Siren, Inc. v. Estes Express Lines*, 249 F.3d 1268, 1271 (11th Cir. 2001). "It is just and reasonable that such a contract, fairly entered into, where there is no deceit practised [sic] on shipper, should be upheld. There is no violation of public policy." *Id.* at 1273 (quoting *Adams Express Co. v. E.H. Croninger*,

226 U.S. 491, 509-510 (1913)). The court is of the opinion that EKA has failed to show any basis for changing the court's previous conclusion.

IV. Conclusion.

In sum, the court is of the opinion that the motion to reconsider and motion to strike is due to be denied. The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this 26 of April, 2004.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE